[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12392
Non-Argument Calendar

_____

D. C. Docket No. 05-00188-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACK RAY HERRIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 11, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Mack Ray Herrin, Jr. appeals the 24-month sentence he received after

violating the conditions of his supervised release. He contends on appeal that the

district court abused its discretion by sentencing him to the statutory maximum, and that his sentence is unreasonable. We affirm.

Herrin was originally sentenced to 37 months of imprisonment and 3 years of supervised release after pleading guilty to bank robbery in the United States District Court for the Southern District of California. Among the conditions of his supervised release were that he not commit another crime and refrain from excessive use of alcohol. While out on supervised release and living in Alabama, Herrin violated these release conditions when he was arrested for driving while under the influence of alcohol. His supervised release was continued, although with several modifications – again, he was prohibited from using alcohol and controlled substances and required to participate in a drug abuse treatment program. He was also warned by the district court that if he violated even one condition of supervised release again, he would receive the maximum penalty that the law allows. After subsequently testing positive for the use of cocaine, Herrin's supervised release was again revoked. This time, the district court sentenced Herrin to 24 months of imprisonment, which exceeded the advisory sentencing range under United States Sentencing Guidelines § 7B1.4.[1]

---

[1]Based on Grade C violations of his supervised release and a criminal history category of IV, Herrin's advisory Chapter 7 guidelines range was 6 to 12 months. U.S.S.G. § 7B1.4(a). The maximum statutory term of imprisonment for revocation of supervised release, where the offense for which supervised release was imposed was a Class C felony, was 24 months. 18 U.S.C. §

Herrin appeals his sentence on the grounds that the sentence was an abuse of discretion and unreasonable given the sentencing factors set forth in 18 U.S.C. § 3553(a). Specifically, Herrin argues that the court did not adequately consider the guideline range and the sentencing factors. He contends that the court's reason for imposing the sentence, that it had promised at Herrin's first revocation hearing to impose a maximum sentence if he violated any of the conditions of his supervised release again, does not accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

We review the district court's decision to exceed the advisory sentencing guideline range for an abuse of discretion. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006). Following *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we now review a sentence imposed upon revocation of supervised release for reasonableness, which is essentially the same as the "plainly unreasonable" standard. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Under this deferential standard, we consider "the final sentence, in its entirety, in light of the § 3553(a) factors." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). The challenging party has the "burden of establishing that the sentence is unreasonable." *Id.*

---

3583(e)(3).

Upon finding that a defendant violated supervised release, the district court may revoke supervised release and impose a term of imprisonment after considering various factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). When a district court imposes a sentence outside the guideline range, it must state its reasons in open court. 18 U.S.C. § 3553(c)(2). One factor the district court must consider under § 3553(a) is the policy statements of Chapter 7, which contain recommended ranges of imprisonment for violations of supervised release. 18 U.S.C. § 3553(a)(4)(B); U.S.S.G. § 7B1.4. Nevertheless, we have consistently held that these policy statements are merely advisory and not binding. *Silva*, 443 F.3d at 799. To exceed the recommended range, the court must indicate it considered the policy statements. *Id.* However, the court is not required to state on the record that it has considered each § 3553 (a) factor, or to discuss each factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The district court did not abuse its discretion by sentencing Herrin to the statutory maximum. The court considered the Chapter 7 recommended guidelines. Herrin's counsel told the court the applicable guideline range and the court stated that it found them inappropriate. The district court also stated its reasons for sentencing outside the guideline range, explaining that it had previously given Herrin "the benefit of the doubt," and he failed to comply with court ordered

4

conditions of release despite warning that he would be sentenced to the statutory maximum. Because the guidelines are advisory and the court stated its reasons for departure as required by § 3553(c)(2), we can find no abuse of discretion in sentencing Herrin to statutory maximum.

We also find that Herrin's overall sentence was not unreasonable. The district court, by acknowledging the advisory guidelines range, demonstrated that it had considered the Chapter 7 policy statements. The court's other statements demonstrate that it took into account the § 3553(a) factors as required. When the court noted Herrin's previous violation of release conditions by stating that the court had given him "the benefit of the doubt," the court showed consideration of (1) the nature and circumstances of the violation, (2) Herrin's history and characteristics, and (3) the need to protect the public from future crimes. The district court's statements that she would "not go back on [her] word," and that she intended to sentence Herrin "as [she] promised" demonstrate a consideration of (1) the need to afford adequate deterrence, (2) the need for just punishment, and (3) the need to promote respect for the law. The court did not need to make explicit consideration of all the § 3553(a) factors. *Scott*, 426 F.3d at 1329. The district court's statements indicate that she gave weight to these factors prior to sentencing. Nothing in the record convinces us the sentence was unreasonable.

5

Upon review of the record and consideration of the parties' briefs, we find the district court neither abused its discretion nor imposed an unreasonable sentence. The sentence is,

**AFFIRMED.**